Susah H. BREED, Plaintiff–Appellant,

v.

Larry G. MASSANARI,* Acting Commissioner of the Social Security Administration, Defendant–Appellee.

No. 99–56912.
D.C. No. CV–97–1356–AJW.

United States Court of Appeals,
Ninth Circuit.

Submitted June 15, 2001.**

Decided Aug. 29, 2001.

---

* Larry G. Massanari is substituted for Kenneth S. Apfel, Commissioner of the Social Security Administration, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before WARDLAW, PAEZ, and TALLMAN, Circuit Judges.

MEMORANDUM ***

Susan H. Breed appeals the district court's decision affirming a denial of her application for social security disability benefits by the Commissioner of the Social Security Administration (Commissioner). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

We review *de novo* the district court's judgment affirming the Commissioner's denial of benefits. We must affirm the denial of benefits if the Commissioner's decision is (1) free of legal error and (2) supported by substantial evidence. *Smolen v. Chater,* 80 F.3d 1273, 1279 (9th Cir.1996).

The Administrative Law Judge (ALJ) concluded that Breed had submitted sufficient medical evidence to establish that she has familial periodic vertigo and ataxia and that this condition amounts to a severe impairment. But he concluded that her condition did not meet or equal a listed impairment and that she experiences no functional limitations that would prevent her from performing past relevant work. Accordingly, he rejected her claim for disability benefits.

Breed first contends that the ALJ erred in concluding that her condition does not meet or equal a listed impairment. Breed contends that her condition "equals" Listing 2.07, "[d]isturbance of labyrinthine-vestibular function." *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 2.07. But Breed failed to introduce "medical findings equal in severity to all the criteria" for that listing. *Sullivan v. Zebley,* 493 U.S. 521, 531, 110 S.Ct. 885, 891, 107 L.Ed.2d 967 (1990). Breed's contention that she established a listed impairment is without merit.

Breed next contends that the ALJ erred in rejecting the conclusion of Dr. Philip Maurice that Breed's vertigo "disrupted her day-to-day life to the point she was disabled." The record does not establish that Dr. Maurice was Breed's treating

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

physician. But, even assuming that Dr. Maurice was a treating physician, the ALJ offered clear and convincing reasons for rejecting Dr. Maurice's conclusion. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995). As the ALJ observed, Dr. Maurice did not cite any basis for his conclusion that Breed was disabled: there is no description of any examinations performed, any objective signs observed, any clinical findings made, any laboratory tests performed, or any analysis of Breed's own statements of her symptoms. *See Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995) (finding it proper for ALJ to reject opinion of treating physician that claimant was "disabled for all practical purposes" where the opinion was "conclusory and unsubstantiated by relevant medical documentation"). The ALJ properly rejected the conclusion of Dr. Maurice.

■ Finally, Breed contends that the ALJ did not conduct the proper analysis in assessing her subjective complaints. "[O]nce an underlying physical or mental impairment(s) that could reasonably be expected to produce the individual's ... symptoms has been shown, the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities." Social Security Ruling (SSR) 96–7p. As explained in SSR 82–62:

In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:

1. A finding of fact as to the individual's [residual functional capacity].

2. A finding of fact as to the physical and mental demands of the past job/occupation.

3. A finding of fact that the individual's [residual functional capacity] would permit a return to his or her past job or occupation.

As this circuit recently explained, "[t]his requires specific findings" on all three points sufficient "to insure that the claimant really can perform his or her past relevant work." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir.2001).

Here, although the ALJ found that Breed suffers from vertigo and ataxia, he concluded that "alleged limitations upon daily activities incompatible with sedentary through medium work are rejected." In support of this conclusion, he identified some inconsistencies in Breed's statements concerning the limiting effects of her vertigo and ataxia, stated that the inconsistencies "cast doubt" on her credibility, and concluded that she is "lacking" in credibility. From this, we can conclude that he did not believe that Breed experienced all of the limitations she described.

But the ALJ failed to describe his conclusions as to Breed's residual functional capacity with any degree of specificity, other than to state that "limitations incompatible with sedentary to medium work are rejected." And he failed to conduct any "function-by-function" analysis, comparing Breed's residual functional capacity to the demands of her past relevant work. *Id.* (quoting SSR 96–8p). For example, the ALJ nowhere states whether he concludes that Breed is able to stand for extended periods of time, and if so, why he reaches that conclusion. Nor does he analyze the length of time Breed might be required to stand if she sought to perform past relevant work. This is highly significant because all of her past relevant work—sales manager, salesperson, grocery store checker, and waitress—would appear to require an ability to stand for extended periods of time.

Absent specific findings of this sort, it is impossible for us to determine that the ALJ was warranted in finding "that the claimant really can perform his or her past relevant work." *Id.* Thus, we remand this case to the district court with directions to remand to the Commissioner. On remand, the ALJ shall conduct the "function-by-function" analysis required by SSR 82–62, SSR 96–8p, and *Pinto.* In undertaking this task, the ALJ should consider all the evidence in the record, and where appropriate, supplement the record with additional evidence.

REVERSED AND REMANDED.